UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:24-CV-62335

STEPHANY MONROY DONCEL,

    Plaintiff,

vs.

JAWIL ENTERPRISES, CORP.  d/b/a
MASTERS BILLIARDS,
JAVIER SALGADO, and
INGRID SALGADO,

    Defendants.
_____/

## COMPLAINT

Plaintiff, Stephany Monroy Doncel, sues Defendants, Jawil Enterprises, Corp. d/b/a Masters Billiards, Javier Salgado, and Ingrid C. Salgado, as follows:

*Parties, Jurisdiction, and Venue*

1. **Plaintiff, Steffany Monroy Doncel**, is over 18 years old and has been a *sui juris* resident of Broward County, Florida, at all times material.

2. **Defendant, Jawil Enterprises, Corp.,** is a *sui juris* Florida for-profit corporation that was authorized to conduct and actually conducted its for-profit business in Broward County, Florida, at all times material, under the fictitious name "Masters Billiards," it registered with the State of Florida.

3. **Defendant, Javier Salgado,** was at all times material an owner/officer/director/manager of the corporate Defendant for the time period relevant to this lawsuit. He ran its day-to-day operations, was responsible for all operational decisions, and was

1

partially or totally responsible for paying Plaintiff's wages.

4. **Defendant, Ingrid C. Salgado,** was at all times material an owner/officer/director/manager of the corporate Defendant for the time period relevant to this lawsuit. She also ran its day-to-day operations, was responsible for all operational decisions, and was partially or totally responsible for paying Plaintiff's wages

5. This Court has original jurisdiction over Plaintiff's federal question claims pursuant to 28 U.S.C. §1331, 26 U.S.C. §201, *et seq.,* and pendent/supplemental jurisdiction over Plaintiff's related Florida state law claims.

6. Venue is proper pursuant to 28 U.S.C. §1391(b)(ii) because Defendants transact business in this District, because Defendants maintained their principal places of business in this District, because Plaintiff worked and was due to be paid in this District, and because most if not all of the operational decisions were made in this District.

*Common Background Allegations*

7. Defendants were Plaintiff's direct employers, joint employers and co-employers for purposes of the FLSA, as the term "employer" is defined by 29 U.S.C. §203(d).

8. Defendants regularly employed two or more employees for the relevant time period that handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendants' business an enterprise covered by the Fair Labor Standards Act.

9. Defendants have been, at all times material, an enterprise engaged in interstate commerce in the course of their operating their pool and billiard hall, which, traditionally, cannot be performed without using goods, materials, supplies, and equipment that have all moved through interstate commerce.

10. Defendants engaged in online marketing, preparation, cooking, service, and sale of foodstuffs, produce, meats, fish, beverages, wines, alcoholic beverages, and products that moved through interstate commerce.

11. Furthermore, Defendants regularly and recurrently obtain, solicit, exchange and send funds to and from outside of the State of Florida, use telephonic transmissions going outside of the State of Florida to conduct business, and transmit electronic information through computers, the internet, via email, and otherwise outside of the State of Florida.

12. Defendants engage in eCommerce by an agreement with DoorDash, a foreign corporation, through which Defendants regularly and routinely engage in electronic credit and debit card transactions utilizing electronic transmissions that go across state lines.

13. Defendant's corporate annual gross revenues derived from this interstate commerce are believed to exceed $500,000.00 for the relevant time period and/or $125,000.00 for each relevant fiscal quarter.

14. Plaintiff consents to participate in this lawsuit.

15. Plaintiff was an hourly employee of Defendants, as the term "employee" is defined by 29 U.S.C. §203(e).

16. Plaintiff was a non-exempt employee of Defendants.

17. Plaintiff worked as a "server" for Defendants.

18. Defendants paid Plaintiff a direct cash wage of $50.00 for each shift she worked, which was to be supplemented with the tips Plaintiffs received from Defendants' customers/patrons.

19. Defendants controlled all job-related activities of Plaintiff.

20. Defendants coordinated all job-related activities of Plaintiff.

21. Defendants supervised Plaintiff's work.

22. Plaintiff worked for Defendants from approximately March 14, 2024, to October 6, 2024, usually working Wednesdays, Fridays, Saturdays, Sundays, and occasionally on Thursdays.

23. To the extent that records exist regarding the exact dates of Plaintiff's employment exist, such records are believed to be in the exclusive custody of Defendants.

24. Plaintiff's work for Defendants was actually in or so closely related to the movement of commerce while he worked for Defendants that the Fair Labor Standards Act applies to Plaintiff's work for Defendants in the course of his handling and serving food, produce, and beverages that have traveled through interstate commerce while also regularly and recurrently utilizing computers, equipment, telephone lines, funds, and electronic transmissions that also traveled through interstate commerce.

25. Plaintiff regularly, recurrently, and routinely processed credit card and ATM card payments utilizing communications that traveled outside of the State of Florida and operated a cash register to receive payments for selling food and beverages that traveled in interstate commerce.

26. Plaintiff regularly worked shifts that started between 7:00 and 8:00 p.m. and that ended at approximately 4:00 a.m.

27. Plaintiff and Defendants' other employees would sign in and out (by using a number assigned to each by Defendants) in a book to indicate the times they started and stopped working each day, with Defendants being in custody and/or control of those time records.

28. The Facebook page for Defendant, Masters Billiards Latin Bar, reflects its operating hours as 4:00 p.m. to 4:00 a.m. daily.

29. Any/all condition(s) precedent to filing this lawsuit occurred and/or was satisfied by Plaintiff.

30. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

## COUNT I – FLSA MINIMUM WAGE VIOLATION(S)

Plaintiff, Stephany Monroy Doncel, reincorporates and re-alleges all preceding paragraphs as though set forth fully herein and further alleges as follows:

31. Defendants failed and refused to pay Plaintiff even a minimum wage of $7.25 per hour for each of the hours she worked.

32. As a direct and proximate result of Defendants' violations of the FLSA's requirement to pay at least a minimum wage for each hour worked, as set forth above, Plaintiff is entitled to the applicable minimum wage for all hours worked.

33. Defendants either recklessly failed to investigate whether their failure to pay Plaintiff at least a minimum wage for the hours Plaintiff worked during the relevant time period violated the FLSA, they intentionally misled Plaintiff to believe that Defendants were not required to pay her at least the minimum wage, and/or Defendants concocted a scheme pursuant to which they deprived Plaintiff the minimum wage pay earned.

34. Plaintiff is entitled to an award under the FLSA consisting of the minimum wages for all unpaid/underpaid hours worked, an equal amount as liquidated damages, plus her attorneys' fees and costs.

WHEREFORE Plaintiff, Stephany Monroy Doncel, demands the entry of a judgment in her favor and against Defendants, Jawil Enterprises, Corp. d/b/a Masters Billiards, Javier Salgado, and Ingrid C. Salgado, jointly and severally, after trial by jury and as follows:

a. That Plaintiff recover compensatory minimum wage damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

b. That Plaintiff recover pre-judgment interest on all unpaid minimum wages if the Court does not award liquidated damages;

c. That Plaintiff recover an award of reasonable attorneys' fees, costs, and expenses pursuant to the FLSA;

d. That Plaintiff recover all interest allowed by law;

e. That Defendants be Ordered to make Plaintiff whole by providing appropriate minimum wage pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

f. That the Court declare Defendants to be in willful violation of the overtime provisions of the FLSA; and

g. Such other and further relief as the Court deems just and proper.

## COUNT II - FLSA OVERTIME WAGE VIOLATION(S)

Plaintiff, Stephany Monroy Doncel, reincorporates and re-alleges paragraphs 1 through 30 as though set forth fully herein and further alleges as follows:

35. Plaintiff regularly and routinely worked more than 40 hours in a workweek for Defendants.

36. Defendants failed and refused to pay Plaintiff overtime wages calculated at time and one-half times Plaintiff's regular hourly rate(s) of pay (of at least the applicable Florida minimum wage of $12 per hour) for all hours worked beyond 40 hours in each workweek.

37. Defendants willfully and intentionally refused to pay Plaintiff wages at a time and one-half times Plaintiff's regular rate of pay (of at least the applicable Florida minimum wage of $12 per hour) for each of the overtime hours worked during the relevant period.

38. Defendants either recklessly failed to investigate whether their failure to pay Plaintiff overtime wages (of at least the applicable Florida minimum wage of $12 per hour) for the hours worked beyond 40 each week during the relevant time period violated the FLSA, they intentionally misled Plaintiff to believe that Defendants were not required to pay an overtime rate, and/or Defendants concocted a scheme pursuant to which they deprived Plaintiff the overtime pay earned.

39. Plaintiff is entitled to an award under the FLSA consisting of the overtime wages she earned but did not receive, an equal amount as liquidated damages, plus her attorney's fees and costs.

WHEREFORE Plaintiff, Stephany Monroy Doncel, demands the entry of a judgment in Plaintiff's favor and against Defendants, Jawil Enterprises, Corp. d/b/a Masters Billiards, Javier Salgado, and Ingrid C. Salgado, jointly and severally after trial by jury, and as follows:

   a. That Plaintiff recover compensatory overtime wage damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

   b. That Plaintiff recover pre-judgment interest on all unpaid overtime wages if the Court does not award liquidated damages;

   c. That Plaintiff recover an award of reasonable attorneys' fees, costs, and expenses pursuant to the FLSA;

   d. That Plaintiff recover all interest allowed by law;

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33156
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

    e.    That Defendants be Ordered to make Plaintiff whole by providing appropriate overtime pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

    f.    That the Court declare Defendants to be in willful violation of the overtime provisions of the FLSA; and

    g.    Such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, Stephany Monroy Doncel, demands a trial by jury of all issues so triable.

Respectfully submitted this 11th day of December 2024,

        s/Brian H. Pollock, Esq.
        Brian H. Pollock, Esq.
        Fla. Bar No. 174742
        brian@fairlawattorney.com
        FAIRLAW FIRM
        135 San Lorenzo Avenue
        Suite 770
        Coral Gables, FL 33146
        Tel:    305.230.4884
        *Counsel for Plaintiff*