**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 24-cv-62335-SINGHAL/STRAUSS**

**STEPHANY MONROY DONCEL,**

    Plaintiff,

v.

**JAWIL ENTERPRISES, CORP.**, *et al.*,

    Defendants.

_____/

**ORDER SETTING SETTLEMENT CONFERENCE VIA ZOOM**

THIS CAUSE has been referred to the undersigned for a settlement conference [DE 13]. It is hereby **ORDERED AND ADJUDGED** that a Settlement Conference in this matter will be held before the undersigned commencing at **10:00 a.m.** on **March 21, 2025**. Participants should join the Zoom session by **9:45 a.m.** using the **Meeting ID (161 344 3129)** and **Passcode (0321)**.

The parties shall adhere to the following additional instructions:

    1.    **By March 7, 2025**, counsel shall confer by telephone or video conference to discuss the facts of the case (including stipulated facts and disputed facts), to discuss stipulated and disputed legal issues, to ensure that all parties have produced all documents required under the Order in Actions Brought Under the Fair Labor Standards Act [DE 13], and to **discuss settlement** (including specific numbers). **By March 14, 2025**, the parties shall file a Joint Notice of Compliance certifying that the foregoing conferral occurred as ordered. Therein: (a) Counsel shall certify that the parties have exchanged all documents required under the Order in Actions Brought Under the Fair Labor Standards Act [DE 13]; (b) each Counsel shall certify that they have reviewed all such documentation with their clients; and (c) each Counsel shall certify that they have conducted a reasonable inquiry regarding the claims, numbers, and facts set forth in the Statement

of Claim and response thereto, and that they continue to believe in good faith that their respective filings satisfy all requirements of the Federal Rules of Civil Procedure (including Rule 11), the Local Rules, and any applicable orders. If necessary, the parties shall promptly amend their statement of claim/response at least **1 week** before the settlement conference.

    2.    On or before **March 14, 2025**, the parties shall each submit (via email to strauss@flsd.uscourts.gov) a Confidential Settlement Statement of no more than ten (10) pages, double-spaced, setting forth the following information: (a) background regarding the parties and the relationship between the parties, including the potential for a continued relationship post-litigation (if an employee/employer relationship existed, the background shall include, without limitation, the role and duties of the employee, the length of the relationship, and whether the employee is still employed, or could be rehired by, the employer); (b) a concise statement of the key stipulated and disputed factual and legal issues; (c) a candid evaluation of the strengths and weaknesses of the party's case (including consideration of the documents exchanged pursuant to the Order in Actions Brought Under the Fair Labor Standards Act [DE 13]); (d) a candid evaluation of the party's "best day" and "worst day" in court (including estimates of what the party may receive or owe in damages and what the party may owe, through trial, for its own attorney's fees and the opposing party's attorney's fees, if applicable); (e) the party's position on settlement (i.e., what you are or may be willing to settle for); (f) the results of any previous settlement negotiations, **including the last demand/offer made**; (g) whether there may be any difficulty in collecting to satisfy any judgment; (h) any other information that may be helpful in working towards a fair settlement; and (i) the names of all individuals who will be attending the settlement conference. In a case involving a fee-shifting statute or contractual fee provision, any party seeking fees must

include a statement of the amount of fees sought, including the hourly rate and number of hours expended to the date of submission.

      3.      The Settlement Conference shall be attended by all parties, corporate representatives and their counsel of record.  Each side shall have a party representative present with full authority to negotiate and finalize any settlement agreement reached.  Failure of a party representative with full and final authority to make and accept offers of settlement to attend this Settlement Conference may result in the undersigned's *sua sponte* recommendation that sanctions be entered against the offending party.

      4.      In the event that a monetary settlement would be payable from proceeds of an insurance policy, a claims professional/representative(s) from the party's insurer with full and final authority to authorize payment to settle the matter up to the full limits of the party's policy(s) or the most recent demand, whichever is lower, shall also be present.

      5.      In some, but not all, cases, the Court may give each party approximately five (5) minutes to make an opening statement at the beginning of a Settlement Conference.  Because the Court will not be making any rulings at the Settlement Conference, the Court encourages each party to view this opening statement as an opportunity to communicate relevant information or positions to the opposing party, rather than as a means of convincing the Court of the legal or factual correctness of its positions.

      6.      The Settlement Conference will not be continued absent a written motion and a showing of compelling circumstances.

      7.      In the event this matter settles prior to the scheduled Settlement Conference, the parties shall immediately advise the undersigned's chambers.

8. All representations and statements made at the Settlement Conference shall remain confidential.

9. The parties are notified that the Court does not provide interpreter services in civil cases. In the event that a party or corporate representative does not speak fluent English, that party must arrange for the attendance of an interpreter.

10. Sanctions may be imposed for failure to follow any of the requirements of this Order.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 14th day of February 2025.

Jared M. Strauss
United States Magistrate Judge