UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:0:24-CV-62335-SINGHAL/STRAUSS

STEPHANY MONROY DONCEL,

    Plaintiff,

vs.

JAWIL ENTERPRISES CORP.,
d/b/a MASTERS BILLIARDS,
JAVIER SALGADO, and
INGRID SALGADO,

    Defendants.
_____/

## **AMENDED ANSWER TO COMPLAINT**

Defendants, JAWIL ENTERPRISES CORP., d/b/a MASTERS BILLIARDS, JAVIER SALGADO and INGRID SALGADO, through their undersigned attorney, file their Amended Answer to the Complaint filed in this case as follows:

### *Parties, Jurisdiction and Venue*

1. Admitted for jurisdictional purposes only.

2. Admitted

3. Admitted that Defendant, JAVIER SALGADO, was never at any time an owner or director or manager or anything whatsoever regarding the operation of the business of Defendant, JAWIL ENTERPRISES CORP., d/b/a MASTERS BILLIARDS, nor was he ever personally involved in its "day-to-day operations, neither was he responsible for any "operational decisions" and was never "partially or totally responsible for paying Plaintiff's wages. This particular Defendant was improperly joined as a party in this lawsuit and

       denies all remaining allegations contained in the Complaint which makes reference to him.

4. Admitted that Defendant, INGRID C. SALGADO, was the sole owner and sole officer of the corporate defendant, ran its day-to-day operations and was solely responsible to pay Plaintiff's wages as a part-time worker.

5. Admitted for jurisdictional purposes only.

6. Admitted for jurisdictional purposes only.

### Common Background Allegations

7. Denied as alleged

8. Denied

9. Denied

10. Denied

11. Denied

12. Admitted

13. Denied

14. Admitted

15. Defendants admit that Plaintiff was only a part-time worker who was not entitled to overtime, and deny the remaining allegations in paragraph 15.

16. Defendants admit that Plaintiff was only a part-time worker not entitled to overtime, and deny the remaining allegations in paragraph 16.

17. Admitted

18. Defendants admit that Plaintiff was paid $50 per shift, which did not exceed 6 hours and was supplemented by tips, and admit that she was paid $70.00

per shift, which did not exceed 8 hours and was also supplemented by tips. Defendants deny the remaining allegations in paragraph 18.

19. Admitted

20. Admitted

21. Admitted

22. Defendants admit that Plaintiff worked from or about March 14, 2024 until October 6, 2024, and further admit that the greatest number of hours Plaintiff worked during any given week within said period of time was thirty (30) hours and it was only for one single week. Defendants also admit that Plaintiff never worked 40 hours in any week whatsoever during the entire period in question.  Defendants deny the remaining allegations.

23. Admitted

24. Denied as alleged.

25. Denied

26. Denied as alleged.

27. Admitted

28. Admitted

29. Denied

30. Defendants are without specific knowledge regarding the allegations contained in paragraph 30 and cannot in good faith admit nor deny the allegations.  Defendants have made reasonable inquiry, but the information known or obtained is insufficient to enable Defendants to properly admit or deny the allegations contained in paragraph 30.

## COUNT I - FLSA MINIMUM WAGE VIOLATION(S)

31. Denied

32. Defendants admit that Plaintiff was actually paid in excess of the federal minimum labor wage during said period, but deny the remaining allegations.

33. Denied

34. Denied

## COUNT II - FLSA OVERTIME WAGE VIOLATION(S)

35. Denied

36. Denied

37. Denied

38. Denied

39. Denied

## AFFIRMATIVE DEFENSES

1. As for their First Affirmative Defense, Defendants assert that Plaintiff's Complaint against Defendants fails to state a cause of action upon which relief can be granted.

2. As for their Second Affirmative Defense, Defendants assert that Plaintiff has been paid all wages which were due and owing, and to which she was entitled.

3. As for their Third Affirmative Defense, Defendants cannot be held liable for liquidated damages in the particular circumstances of this case because Defendants at all times acted in good faith and had reasonable grounds for

believing under the advice of an accountant that any alleged acts or omissions were not a violation of the FLSA and they in good faith believed then and believe now that their actions fully complied with the FLSA.

4. As for their Fourth Affirmative Defense, Defendants assert that, to the extent that Plaintiff engaged in activities during alleged work time that were personal in nature, were not for the benefit of Defendants or did not involve physical or mental exertion controlled or required by Defendants, Plaintiff's claims are barred.

5. As for their Fifth Affirmative Defense, Defendants assert that Plaintiff's claims are barred as to alleged overtime which were not only not known to Defendants, but the alleged overtime never occurred.

6. As for their Sixth Affirmative Defense, Defendants assert that Plaintiff's claims may be barred by the doctrine of estoppel if Plaintiff fraudulently represented that she "regularly and routinely worked more than 40 hours in a workweek for Defendants," as falsely alleged in paragraph 35 of Plaintiff's Complaint.

7. As for their Seventh Affirmative Defense, Defendants assert that Plaintiff was paid for all those hours she worked, which Defendants do have accurate records of, and Plaintiff never worked in excess of eight (8) hours during any given day in the entire period that she worked nor did Plaintiff work anywhere near 40 hours in any given week during the entire period that she worked at Masters Billiards.

8. As for their Eighth Affirmative Defense, Defendants assert that Plaintiff's

claims for unpaid wages, if any, are *de minimus* and are therefore not subject to payment and do not violate the FLSA.

9. As for their Ninth Affirmative Defense, Defendants assert Plaintiff's alleged damages are limited by the applicable laws under which they are brought.

## **RESERVATION OF DEFENDANTS' RIGHTS**

Defendants hereby give notice that they intend to rely on such other defenses and affirmative defenses as might become available or apparent during the course of discovery and, thus, reserve the right to amend this Answer and serve such defenses and otherwise supplement the foregoing Affirmative Defenses.

WHEREFORE, having amended their Answer, Defendants pray that Plaintiff's Complaint be dismissed, that Plaintiff take nothing and that Defendants be awarded costs and such other relief as may be deemed proper.

Respectfully submitted,

LAW OFFICE OF
JORGE E. HURTADO, P.A.
Attorney for Defendants
10101 West Sample Road
Suite 411
Coral Springs, FL 33065
(954)341-2230
jorgelegal@aol.com
By/s/ *Jorge E. Hurtado*
   JORGE E. HURTADO, ESQ.
   FLA. BAR NO. 848440

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the foregoing Amended Answer was efiled with the Clerk of Court using the CM/ECF system on March 4, 2025 and that copies of this document will

be emailed to all counsel or parties of record either via transmission created by Notice of Electronic Filing through the CM/ECF system or emailed by the undersigned.

By /s/ *Jorge E. Hurtado*
JORGE E. HURTADO, ESQ.