UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:0:24-CV-62335-SINGHAL/STRAUSS

STEPHANY MONROY DONCEL,

    Plaintiff,

vs.

JAWIL ENTERPRISES CORP.,
d/b/a MASTERS BILLIARDS,
JAVIER SALGADO, and
INGRID SALGADO,

    Defendants.
_____/

## **DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF CLAIM**

Defendants, JAWIL ENTERPRISES CORP., d/b/a MASTERS BILLIARDS, JAVIER SALGADO and INGRID SALGADO, through their undersigned attorney, file their Response to Plaintiff's Statement of Claim as follows:

### *Preliminary Statement*

Defendants agree with Plaintiff's Preliminary Statement.

### *Information requested by the Court*

1.    Defendants have accurate records of the number of hours that Plaintiff, a tipped server, actually worked each week during the period from March 14, 2024 through October 6, 2024. Defendants' records regarding the actual number of hours that Plaintiff worked show that Plaintiff did not merely "estimate the hours she worked," but she intentionally inflated the number of hours in her Statement of Claim. Plaintiff knew and knows very well that she was only a part-time worker and, with the exception of one assistant manager, all of Plaintiff's co-workers during the period she worked at

Defendants' place of business were only part-time workers and none were permitted to work even 40 hours in a single week, let alone in excess of 40 hours per week, because Defendants could not afford to have full-time tipped workers. Therefore, Plaintiff's number of hours per week which she is claiming in her Statement of Claim that she actually worked is a misrepresentation to this Court.

2. Defendants always believed in good faith that Plaintiff was actually being paid for her part-time hours in excess of the minimum wage that a tipped worker gets paid. An accountant had explained to Defendants that the federal minimum wage for tipped employees was $2.13 per hour. Defendants paid Plaintiff per 6-hour day shift a flat amount of $50.00 plus the tips she collected and kept. Plaintiff was also paid the flat sum of $70.00 per each 8-hour shift day she worked plus the tips that she collected and kept.

3. Although Defendants acknowledge that Plaintiff was not paid in accordance with Florida's minimum wage for tipped employees, their mistaken belief was not in any way intentional and the Plaintiff was not substantially underpaid.

4. Contrary to Plaintiff's claim "that she is owed a total of **$3,952.50** in unpaid minimum and overtime wages," after calculating the number of hours that she worked each week during the period from March 14, 2024 through October 6, 2024 taking into consideration that Defendants paid Plaintiff the sum of $5,090.00 during said period, Plaintiff is actually owed a total of **$338.08** in unpaid minimum wages for a tipped worker.

5. Plaintiff is not owed for any overtime wages because she never worked in excess of 8 hours in any given day that she worked nor did she ever work a 40-hour week,

let alone in excess of 40 hours in one week. Defendants' records reflect that Plaintiff's actual average number of hours she worked in any particular week during said period was in fact 18.34 hours per week. There were only two weeks during the entire period that Plaintiff worked a maximum of 30 hours each of those two weeks.

6. Defendants would show the Court that they acted in good faith and had reasonable grounds for believing that they were acting in compliance with the FLSA and that their actions did not violate the FLSA nor Florida law. They believed in good faith that they were paying Plaintiff in excess of the federal minimum wage for tipped workers of $2.13 per hour based on the advice of an accountant. Defendants respectfully request the Court to deem that in this case liquidated damages do not apply and also by the fact that Plaintiff was not substantially underpaid.

7. Defendants reserve the right to amend their Response to Plaintiff's Statement of Claim based on any amendment that Plaintiff may file to her Statement of Claim either through discovery and/or as additional information may be obtained.

Respectfully submitted,

LAW OFFICE OF
JORGE E. HURTADO, P.A.
Attorney for Defendants
10101 West Sample Road
Suite 411
Coral Springs, FL 33065
(954)341-2230
jorgelegal@aol.com

By /s/ *Jorge E. Hurtado*
   JORGE E. HURTADO, ESQ.
   FLA. BAR NO. 848440

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing Response to Plaintiff's Statement of Claim was efiled with the Clerk of Court using the CM/ECF system on March 5, 2025 and that copies of this document will be emailed to all counsel or parties of record either via transmission created by Notice of Electronic Filing through the CM/ECF system or emailed by the undersigned.

By /s/ *Jorge E. Hurtado*
JORGE E. HURTADO, ESQ.